# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MUNEER AWAD**, | )<br>) |
| Plaintiff | )<br>) |
| -vs- | )<br>)  No. CIV-2010-1186-M |
| (1) **PAUL ZIRIAX**, Agency Head, Oklahoma State Board of Elections; | )<br>)<br>) |
| (2) **THOMAS PRINCE**, Chairman of the Board, Oklahoma State Board of Elections; | )<br>)<br>)<br>) |
| (2) **RAMON WATKINS**, Board member of the Board, Oklahoma State Board of Elections; | )<br>)<br>)<br>) |
| (2) **SUSAN TURPEN**, Board Member, Oklahoma State Board of Elections; | )<br>) |
| Defendants. | |

## PLAINTIFF AWAD'S
## MOTION TO SEAL EXHIBIT

MUNEER AWAD, ("Plaintiff" "AWAD"), Plaintiff in the above captioned matter, comes before the Court, and moves the Court to enter an Order to Seal Plaintiff's Exhibit 8 [Doc. 017-07], the Last Will and Testament of Muneer Awad, introduced to the Court at the Hearing on Preliminary Injunction on November 22, 2010.

Plaintiff's Exhibit No. 8 contains personal information about Plaintiff's family members. While the document was offered into evidence at the time of the Hearing on

1

the Preliminary Injunction, a Court can seal a document when it contains personal information about the parties.

## **AUTHORITY**

If made a part of the public court file, exhibits are available for public disclosure. See *Nixon v. Warner Communications*, 435 U.S. 589, 597, 98 S.Ct. 1306 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.")

However, this Court has the authority to seal documents included with the record:

> It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession. See *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312 (1978); *Nixon v. Sirica*, 159 U.S.App.D.C. 58, 79, 487 F.2d 700, 721 (D.C.Cir.1973). See also *Birnbaum v. Wilcox-Gay Corp.*, 17 F.R.D. 133, 139 (D.C.Ill.1953). In exercising this discretion we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties. See *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602, 98 S.Ct. 1306, 1314, 55 L.Ed.2d 570 (1978); *In re Sarkar*, 575 F.2d 870, 872 (Cust. & Pat.App.1978).

*Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir., 1980)

This public interest of inspection has limits. *Nixon*, 435 U.S. at 598 ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for an improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not 'used to gratify private spite or promote public scandal' through the publication of 'the painful and sometimes disgusting details of a divorce case.' . . . Similarly, court have refused to permit their files to serve as reservoirs of libelous statements for press consumption. . . or as a source of business

information that might harm a litigant's competitive standing. . .")

Third parties have obtained protective orders regarding release of their deposition testimony even when it was presented in open court. In *United States v. McDougal*, 103 F.3d 651 (8th Cir., 1996), President Clinton successfully blocked media access to a videotape of his deposition testimony used at trial in the underlying criminal case. The court held that this was not a judicial record to which the common law right of public access attached, regardless of whether the videotape was admitted into evidence.

The Sixth Circuit affirmed removal from the court file of certain records used by the FDIC at trial consisting of exhibits showing questionable loans and a bank's loan by loan response where the removal protected identity and privacy of third party customers of the bank included in the exhibits. See *In Re Knoxville News-Sentinel Company, Inc.*, 723 F.2d 470, 476 (6th Cir., 1983)

Courts have denied media applicants access to a videotape of a search warrant execution before the video had been offered as exhibit or admitted into evidence in any court proceeding, and before the owner of the home searched or defendants in the underlying criminal proceeding had been afforded hearings on issues of suppression. The court also held that access to the videotapes was not necessary for the public to obtain knowledge about execution of the warrant or the activities of the authorities. *Oziel v. Superior Court (CBS Real Party in Interest)*, 223 Cal. App.3d 1284, 1296-97, 273 Cal. Rptr. 196 (Ct.App.,2nd Dist., 1990)("Our position is reinforced by still another factor, namely the privacy interests of the individuals identified in the warrants and supporting affidavits.")

Plaintiff's Exhibit 8 contains personal information about the names of family members of the Plaintiff.  Except for their relationship to Plaintiff, they are not party or otherwise participants in the trial of this matter.  While ECF has properly made public records readily accessible, this also has the concurrent effect of allowing easy access to the names of incidental third persons to the litigation who could be easily harassed.  The record of the Preliminary Injunction contains ample evidence of such harassment.

Copies of this Exhibit have already been provided to the Defendants in this matter.  In addition, several descriptions of the Will have already been entered into the record and were described during testimony at the hearing on Preliminary Injunction.  Any relevant issues regarding the contents of the Will have been made public to the extent necessary to serve the public interest.

## **AGREEMENT OF DEFENDANTS**

Plaintiff's counsel has consulted with Janet Preslar, counsel for Defendants, who has indicated that Defendants have no objection to the sealing of the exhibit.

The agreement of the Counsel for the Defendants does not constitute an accession to the legal authority provided herein.  The argument is submitted solely for the purpose of satisfying the Court own determinations about issues regarding the public interest.

## **CONCLUSION**

**WHEREFORE**, premises considered, Plaintiff respectfully request this Court to issue its order directing the Court Clerk to Seal Plaintiff's Exhibit No. 8, the Last Will of Muneer Awad, and for such other and further relief as may be appropriate.

Dated this 23rd day of NOVEMBER, 2010.

        Respectfully submitted,

_Facsimile Signature_

**MICHEAL SALEM** (OBA #7876)
*Salem Law Office*
101 East Gray, Suite C
Norman, Oklahoma 73069
Telephone: (405) 366-1234
Telefax: (405) 366-8329

ATTORNEY FOR PLAINTIFF
**MUNEER AWAD**
Cooperating Attorney for the American Civil Liberties Union Foundation of Oklahoma

# **CERTIFICATE OF SERVICE**

**I hereby certify** that on the 23RD day of NOVEMBER, 2010, I electronically transmitted this document to the Clerk of the United States District Court for the Western District of Oklahoma using the ECF System for filing and transmittal of notice of electronic filing to the following ECF registrants:

**Scott Boughton**
**Janet Preslaw**

**Kelvin Calvey**

_____
**MICHEAL SALEM**  *Facsimile Signature*

D:\WP51\SQ755-Islamic Law\Motions\2010-11-23 Motion to Seal Exhibit.wpd