# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MUNEER AWAD, ADAM SOLTANI, IMAD ENCHASSI, DOUGLAS MOCK, PATRICIA SCHWAGMEYER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | **No. CIV-2010-1186-M** |
| PAUL ZIRIAX, Secretary; STEVE CURRY, Chairman;  TOM MONTGOMERY; DIANE SPURLOCK; members of the Oklahoma State Election Board, | ) ) ) ) ) ) | |
| Defendants. | ) | |

# MOTION OF PLAINTIFFS
# FOR RECOVERY OF COSTS
# AND BRIEF IN SUPPORT

Pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and LCvR 54.1, Plaintiffs move this Court for an order awarding Plaintiffs their reasonable costs as the prevailing parties in this action. These costs in the amount of $864.67 were necessarily incurred in the prosecution of this action and are itemized in Exhibit 1 to the Bill of Costs.

## THE JUDGMENT

This Court granted summary Judgment to Plaintiffs on August 15, 2013. (Doc 085). Judgment was entered against all Defendants. (Doc.  086).

1

## ARGUMENT AND AUTHORITY

### A.   PLAINTIFFS ARE ENTITLED TO RECOVER CERTAIN COSTS ITEMIZED IN  28 U.S.C. §1920.

Fed.R.Civ. P 54(d) provides that "'costs other than attorneys' fees shall be allowed as a matter of course to a prevailing party unless the court otherwise directs." Section 1920 of Title 28 enumerates expenses that a federal court may award as costs under its Rule 54(d)(1) discretionary authority. Section 1920 provides, in pertinent part, that:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> - - - - -
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> - - - - -
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Costs taxed on appeal are includable in the mandate from the Court of Appeals. Fed.R.App.P. 39(a)(2) and 39(d)(3).

### B.   PLAINTIFFS ARE ENTITLED TO RECOVER FEES PAID TO THE CLERK.

Prevailing Plaintiffs are entitled to recover their filing fee. *See* 28 U.S.C. § 1920(1); *Knight v. Snap-On Tools Corp.*, 3 F.3d 1398, 1404 (10th Cir. 1993)("'Costs' typically are defined by reference to 28 U.S.C. 1920 and include things such as filing fees and court reporter fees").

As reflected in Exhibit 1 to Plaintiffs' verified Bill of Costs, the filing fee of $350.00 and total costs of pro hac vice fees of $200.00 paid to the clerk are shown and referenced to receipts shown in the docket.

### C.   PLAINTIFFS ARE ENTITLED TO RECOVER FEES FOR EXEMPLIFICATION AND COPIES OF PAPERS NECESSARILY OBTAINED FOR USE IN THE CASE.

Plaintiffs are entitled to recover the reasonable costs of copying papers necessarily obtained for use in the case. 29 U.S.C. §1920(4) ("Fees for exemplification and copies of papers necessarily obtained for use in the case" are taxable as costs).

Federal courts have held that the costs of photocopies of documents necessarily obtained for use in the case may be taxable, even if those documents are not ultimately offered as evidence. *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Crams, Inc*., 920 F.2d 587, 588 (9th Cir. 1990); *see also*, *Peck, Taxation of Costs in United States District Courts*, 37 F.R.D. 481, 491. The proof of expenditures made in copying exhibits for purposes of this case are stated in Exhibit 1 to Plaintiffs' verified Bill of Costs.

Item II(A) is photocopy expenses for documents used during the hearing on the preliminary injunction. The costs sought include the three ring binders furnished to the Court and the parties for the hearing and the binders and tabs are not separately itemized.

Item II(B) also includes paper courtesy copies required to be furnished the Court under WD Oklahoma ECF Policies & Procedures Manual, § II(A)(5). Printing, comb binding, and tabs of the courtesy copies were done in-house. There is no itemized charge for comb binding and tab expenses. The total is $139.65.

**D.    PLAINTIFFS ARE ENTITLED TO RECOVER COSTS INCLUDED IN THE MANDATE OF THE COURT OF APPEALS**.

Plaintiffs are entitled to recover costs included in the Mandate on the Court of Appeals. *See* Fed.R.App.P. 39(a)(2) and 39(d)(3). The total is $175.02. They are identified as Exhibit 1-A attached to Exhibit 1, the itemized list of costs. Included with Exhibit 1-A is a letter from the Clerk of the Tenth Circuit showing their inclusion in the mandate of the appeal.

**E.    PLAINTIFFS ARE ENTITLED TO RECOVER AS FEE EXPENSES UNDER 42 U.S.C. §1988(b) ANY EXPENSES DISALLOWED AS COSTS**.

To the extent the Court determines that any of the above costs are non-taxable, Plaintiffs respectfully request that such non-taxable costs be awarded as expenses  taxed as attorney fees pursuant to 42 U.S.C. § 1988(b). *See Brown v. Gray*, 227 F.3d 1278, 1297-98 (10th Cir. 2000) (Remand to consider expenses denied as costs included as attorney fees under §1988 (". . .the court on remand should determine specifically whether such expenses are normally billed to a private client in the local area and, if so, evaluate the reasonableness of the amount.")); *See also Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990) ("Although Bee listed these expenses as costs rather than attorney's fees, his categorization of the items is not dispositive of their recoverability").

## CONCLUSION

Based on the authorities set forth and the references and documentation attached to the verified Bill of Costs and as demonstrated in the Docket of this case, Plaintiffs request the Court to tax costs against Defendants in the total amount of $864.67.

Respectfully submitted,

SIGNATURE OF COUNSEL

**MICHEAL SALEM** OBA #7876
*Salem Law Offices*
101 East Gray, Suite C
Norman, Oklahoma  73069-7257
(405)  366-1234
Email: msalem@msalemlaw.com

ATTORNEY FOR PLAINTIFFS AWAD, SOLTANI, ENCHASSI, MOCK, AND SCHWAGMEYER

## CERTIFICATE OF SERVICE

**I hereby certify** that on the 1st day of DECEMBER, 2013, I electronically transmitted this document and additional related support documents to the Clerk of the United States District Court for the Western District of Oklahoma using the ECF System for filing and transmittal of notice of electronic filing to the following ECF registrant:

**Patrick Wyrick**
Solicitor General
Oklahoma Office of the Attorney General

_____

**MICHEAL SALEM**

D:\WP51\SQ755-Islamic Law-WP\Attorney Fees\Motion and Brief\2013-12-01 - SQ755 Court Costs Brief-03.wpd