# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUNEER AWAD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-10-1186-M |
| ) | |
| PAUL ZIRIAX, Secretary of the Oklahoma ) | |
| State Election Board, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is plaintiffs' Motion to Review Action of Clerk in Taxing Costs, filed February 12, 2014. On February 14, 2014, defendants filed their response.

A final judgment in this matter was entered on August 15, 2013. Plaintiffs filed a Bill of Costs, seeking $864.67 to be taxed as costs. In their response, defendants objected to taxing as costs *pro hac vice* fees paid to the Clerk for plaintiffs' out-of-state counsel in the total amount of $200.00. After consideration on February 6, 2014, the Clerk taxed costs in the amount of $664.57, disallowing the *pro hac vice* fees. Plaintiffs now move this Court to review the Clerk's disallowance of costs for *pro hac vice* fees.

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) gives district courts the discretion to decline to tax allowable costs but does not give them the discretion to tax costs in the absence of statutory authorization. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45 (1987).

Taxable costs are listed in 28 U.S.C. § 1920 as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Plaintiffs rely on subsection (1) – "Fees of the clerk" – for the taxation of *pro hac vice* fees as costs. The fees the clerk of the court may charge are listed in 28 U.S.C. § 1914. Section 1914 provides:

> (a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.
> (b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.
> (c) Each district court by rule or standing order may require advance payment of fees.

28 U.S.C. § 1914.

Thus, based upon § 1920(1) and § 1914, the clerk of the court is authorized to tax two types of fees in civil actions other than those for habeas corpus: (1) a $350 filing fee, and (2) any additional fees prescribed by the Judicial Conference of the United States. The *pro hac vice* fees sought by plaintiffs are, of course, not the same as the filing fee. Further, the only admission fee relating to attorneys specifically prescribed by the Judicial Conference of the United States is for

2

original, full admission to the bar of the court.[1] The Court, therefore, finds that the clerk of court is not authorized to tax *pro hac vice* fees as costs.[2]

Accordingly, the Court DENIES plaintiffs' Motion to Review Action of Clerk in Taxing Costs [docket no. 120].

**IT IS SO ORDERED this 17th day of April, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The District Court Miscellaneous Fee Schedule authorized by the Judicial Conference of the United States provides, in pertinent part:

> The fees included in the District Court Miscellaneous Fee Schedule are to be charged for services provided by the district courts.
> \* \* \*
> 10. For original admission of attorneys to practice, $176 each, including a certificate of admission. For a duplicate certificate of admission or certificate of good standing, $18.

[2] The Court would note that the Tenth Circuit has not ruled on the issue of whether *pro hac vice* fees may be awarded as costs. The Court would further note that while there is a split of authority over whether *pro hac vice* fees may be recovered as taxable costs, the majority of courts decline to award *pro hac vice* fees as costs. *See Knauff v. Dorel Juvenile Grp., Inc.*, Civil Action No. SA-08-CV-336-XR, 2010 WL 2545424 (W.D. Tex. June 21, 2010) (finding *pro hac vice* fees not taxable as costs); *Golan v. Holder*, Civil No. 01-cv-01854-LTB, 2009 WL 2475138 (D. Colo. Aug. 11, 2009) (declining to award *pro hac vice* fees as costs); *Cathey v. Sweeney*, Civil Action No. CV205-202, 2007 WL 1385657 (S.D. Ga. May 8, 2007) (finding *pro hac vice* fees not recoverable as costs); *Competitive Techs. v. Fujitsu Ltd.*, No. C-02-1673 JCS, 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006) (declining to award *pro hac vice* fees as costs); *Schmitz-Werke GMBH + Co. v. Rockland Indus., Inc.*, 271 F. Supp. 2d 734 (D. Md. 2003) (finding *pro hac vice* fees not recoverable as costs); *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456 ( M.D. Ala. 1997) (finding *pro hac vice* fees not taxable as costs). *But see Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065 (D. Kan. 2005) (awarding certain *pro hac vice* fees as costs and declining to award other *pro hac vice* fees as costs); *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659 (D. Kan. 2005) (awarding *pro hac vice* fees as costs); *Davis v. Puritan-Bennett Corp.*, 923 F. Supp. 179 (D. Kan. 1996) (finding *pro hac vice* fees may properly be taxed as costs).