# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MUNEER AWAD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-1186-M |
| | ) | |
| PAUL ZIRIAX, Secretary of the | ) | |
| Oklahoma Election Board, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiffs' Motion for Attorney Fees and Non-Taxable Expenses, filed December 1, 2013. On January 15, 2014, defendants filed their response, and on January 22, 2014, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

Pursuant to 28 U.S.C. § 1988(b), Federal Rule of Civil Procedure 54(b)(1), and Local Civil Rule 54.1, plaintiffs move this Court to award attorney fees and non-taxable expenses. Title 42 U.S.C. § 1988(b) provides: "In any action or proceeding to enforce a provision of sections . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." "[T]he prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Dahlem v. Bd. of Educ. of Denver Pub. Sch.*, 901 F.2d 1508, 1510 (10th Cir. 1990) (internal quotations and citations omitted). "In any fee request under § 1988(b), a claimant must prove two elements: (1) that the claimant was the 'prevailing party' in the proceeding; and (2) that the claimant's fee request is 'reasonable.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998). Further, the

United States Supreme Court has recently held that the lodestar method[1] is the preferred method to use when determining an award of attorney fees. *See Perdue v. Kenny A.*, 559 U.S. 542 (2010).

In their response, defendants do not dispute that plaintiffs are prevailing parties. Additionally, defendants do not dispute the hourly rates sought by plaintiffs' counsel. Defendants only make two objections: (1) the filing fee reported in Gadeir Abbas' declaration should be removed as it is already represented in plaintiffs' motion for recovery of costs, and (2) plaintiffs' request should be reduced to reflect a reasonable amount of time spent by each of the seven attorneys on editing and reviewing briefs.

Having carefully reviewed plaintiffs' submissions, the Court finds that the filing fee was not duplicated in the bill of costs and the attorney fee application. In their Motion for Attorney Fees and Non-Taxable Expenses, the filing fee is specifically deducted from Mr. Abbas' expense request. *See* Plaintiffs' Motion for Attorney Fees and Non-Taxable Expenses [docket no. 95] at 5, n.1. Accordingly, the Court overrules defendants' first objection.

Defendants also object to the amount of time spent by plaintiffs' attorneys reviewing, editing, and submitting comments on the dispositive briefs in this case. Defendants specifically assert that while reviewing and editing improves one's writing, the inclusion of seven attorneys in this process, as well as the number of revisions per brief, was excessive and unnecessary. Defendants further contend that the number of hours should be reduced to reflect a more reasonable allocation of time and defendants should only have to pay, at most, for one reviewer to edit and comment on each brief.

---

[1] Under the lodestar method, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate.

Plaintiffs assert that there were six or fewer participants in the preparation of several of the critical documents and the hours of review significantly varied from document to document and attorney to attorney. Plaintiffs further contend that ten revisions of a brief or document are not unusual in the context of legal writing, and the act of multiple revisions is a hallmark of good writing. Additionally, plaintiffs contend reviewing drafts of court filings is a method of familiarizing counsel with the record and comments regarding that review generally inure to the benefit of the litigation. Finally, plaintiffs note that their counsel have already demonstrated "billing judgment" by very significant deductions of hours from the fee application even though those hours may not really be characterized as "duplicative" or "excessive," and the remaining hours included in the fee request are reasonable.

Having carefully reviewed the parties' submissions, and particularly the time records of plaintiffs' counsel, the Court finds that the amount of time spent by plaintiffs' attorneys reviewing, editing, and submitting comments on the dispositive briefs is reasonable. The Court further finds the number of revisions and attorneys involved in each revision is not per se unreasonable. The amount of time spent reviewing and editing significantly varied from document to document and attorney to attorney, with several of the attorneys only spending a very few hours reviewing and editing. Additionally, due to the nature of this case, and the complex issues briefed, the Court finds the multiple revisions were not only reasonable but an example of good brief writing practices. Finally, the Court finds that the significant deductions of hours from the fee application that plaintiffs' counsel have already made further support the Court's finding of reasonableness. Accordingly, the Court finds that plaintiffs are entitled to the full amount of attorney fees that they are requesting.

Finally, in their bill of costs, plaintiffs sought costs for the *pro hac vice* fees they paid in this case. The Clerk of Court denied these costs, and this Court denied plaintiffs' motion to review the clerk's denial. In their motion to review, plaintiffs, in the alternative, requested that the *pro hac vice* fees be recovered as non-taxable expenses in relation to their Motion for Attorney Fees and Non-Taxable Expenses. "Items that are normally itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount." *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983), *overruled on other grounds*, *Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). Because *pro hac vice* fees are normally itemized and billed to the client, the Court finds that plaintiffs should recover the *pro hac vice* fees they paid in this case.

Accordingly, the Court GRANTS plaintiffs' Motion for Attorney Fees and Non-Taxable Expenses [docket no. 95] and AWARDS plaintiffs attorney fees and non-taxable expenses in the amount of $303,333.49.

**IT IS SO ORDERED this 25th day of April, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE